IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| VERNON LEANDIS CHARLES, | § | |
| | § | |
| | § | CIVIL ACTION NO.  5:20-CV-00042-RWS-CMC |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| IGNACIO CASTRO, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Vernon Charles, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights.  This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

## BACKGROUND

On April 15, 2020, Plaintiff was ordered to pay an initial partial filing fee of $19.00, in accordance with 28 U.S.C. § 1915(b).  Docket No. 9.  In response, Plaintiff sent back to the Court a copy of the order, on which he had written the following:

> Accepted for value and honor exempt from levy. For my remedy, release of the proceeds, products, accounts, and fixtures in the order(s) to me immediately, in the [sic] accordance with the public policy, House Joint Resolution 192 and UCC 1-104 and UCC 10-104. Exemption ID no. [omitted]. UCC contract trust no. [omitted]. Value $350.00.

Docket No. 12 at 1.  He did not comply with the order, nor show any other cause for his failure to do so beyond what he wrote on the order.  After review of the record, the Magistrate Judge

issued a Report recommending the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the court.  Docket No. 15.  The Magistrate Judge stated House Joint Resolution 192, now codified in 31 U.S.C. §5118(d), states obligations requiring repayment in gold and issued after October of 1977 are satisfiable by U.S. coin or currency that is legal tender at the time of repayment, a statute which has no bearing on Plaintiff's obligation to pay the filing fee for his lawsuit.  *Id.* at 2.  The Magistrate Judge further determined that Plaintiff's handwritten statement had no legal significance and did not offer any valid justification for the failure to pay the statutory initial partial filing fee.  *Id.*  Because Plaintiff did not pay the initial partial filing fee as directed, the Magistrate Judge recommended the lawsuit be dismissed without prejudice. *Id.* at 3–4.

## OBJECTIONS

In his objections to the Magistrate Judge's Report, Plaintiff stated he "attempted to discharge the full $350.00 filing fee by issuing a Bill of Exchange, paid to the order of David O'Toole and paying the same to the United States Treasury against the $350.00 obligation of THE UNITED STATES to that part of the Public Debt due Principal and discharge said $350.00 to UNITED STATES DISTRICT COURT." Docket No. 18 at 1.  Plaintiff cites a 1939 Supreme Court case called *Guaranty Trust Co. of New York v. Henwood*, 307 U.S. 247 (1939), in which the Supreme Court held that under the Joint Resolution of June 5, 1933, bondholders of a railroad which had been reorganized in bankruptcy could not demand repayment of their bonds in Dutch currency, but instead the bonds were dischargeable in current United States legal tender. Docket No. 18 at 1.

Plaintiff argues that since October 27, 1977, there is no requirement of repayment in legal tender since legal tender was not loaned and repayment need only be made in equivalent kind,

this being a negotiable instrument representing credit, such as an international bill of exchange. *Id.* Thus, he says "there is nothing to pay with in a common law, Article VII [sic] Court with an Article III judge." *Id.* He claims that Federal Reserve Notes have no substance and are "unredeemable," and thus are not lawful money and cannot be used to pay. *Id.* at 2.

Plaintiff next argues that the sovereign authority of the United States was dissolved by the Emergency Banking Act of March 9, 1933, and the receivers of the United States bankruptcy are the international bankers through the United Nations, the World Bank, and the International Monetary Fund. *Id.* He contends that all U.S. Government officers are operating "within a de facto status in name only under Emergency War Powers." *Id.* Plaintiff concludes by stating:

> I accepted for value and consideration what the United States offered me as evidence of an obligation it has to me as a beneficiary; as well as consideration offered on the instrument that is being transferred to me through the U.S. citizen I represent [sic]. Therefore, such notes, issued against these obligations of the United States to that part of the public debt due its principals and sureties are required by law to be accepted as legal tender of payment for all debts, public and private, and are defined in law as obligations of the United States, on the same par and category as Federal Reserve Notes and other currency and legal tender obligations."

*Id.*

## DISCUSSION

The Magistrate Judge correctly determined that Plaintiff's assertions lack legal significance. Plaintiff's purported "bill of exchange" is a document of his own creation and has no value, and thus cannot be used to satisfy the statutory filing fee obligation. *See, e.g.*, *Williams v. Georgia Department of Corrections*, Civil Action No. 6:17-cv-150, 2018 WL 1187555 (S.D. Ga., March 7, 2018) (dismissing case for failure to pay the filing fee when petitioner submitted an "international bill of exchange" asserting an "exemption as principal for full settlement and disclosure of escrow"); *Emanuel v. United States*, Civil Action No. 6:12-cv-1482, 2013 WL 117892 (M.D. Fla., January 9, 2013) (refusing to accept appellant's "international bill of

exchange commercial attachment" in satisfaction of the appellate filing fee).  His claim that Federal Reserve Notes are not legal tender is contradicted by 31 U.S.C. § 5103, which says that United States coins and currency, including Federal Reserve notes and circulating notes of Federal Reserve banks and national banks, are legal tender for all debts, public charges, taxes, and dues.

Plaintiff's contention that the United States is in bankruptcy with "international bankers" as the receivers has been uniformly rejected by the courts, and does not provide a valid basis for his failure to pay the filing fee in any event.  *See, e.g.*, *United States v. Getzschman*, 81 F.App'x 619, 620 (8th Cir. 2003); *United States v. Fritz*, Civil Action No. SA-12-CA-550, 2013 WL 121085(W.D.Tex., August 7, 2013), *Report adopted at* 2014 WL 12537176 (W.D.Tex., February 24, 2014), *aff'd* 608 F.App'x 259 (5th Cir. 2015).  Accordingly, Plaintiff's objections are without merit.

Together with his objections, Plaintiff submitted a "notice to challenge jurisdiction," demanding to know if the Court is operating under common law, equity, admiralty/maritime, or statutory jurisdiction.   As an Article III court, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," as per 28 U.S.C. § 1331.  Plaintiff begins his lawsuit by stating it is a civil action authorized by 42 U.S.C. § 1983 to redress rights secured by the Constitution of the United States and that the "Eastern District of Texarkana [sic]" is an appropriate venue. Docket No. 1 at 1.  Plaintiff's original complaint thus makes clear that this Court has jurisdiction over his claims.

Nearly a week after filing his objections, Plaintiff also filed a "Memorandum with Points and Authorities in Support" of his objections on September 14, 2020.  Docket No. 19.  Aside from being filed outside of the prescribed period, Plaintiff's memorandum largely

rehashes arguments made in his response, objections, and notice to challenge jurisdiction, and is likewise without merit. *See* Docket Nos. 12, 17, 18; 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED-AS-MOOT.**

**So ORDERED and SIGNED this 24th day of September, 2020.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE